IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DANIEL WILSON,

      Plaintiff,

   v.                                       Case No. 2:09-cv-271
                                              JUDGE GREGORY L. FROST
TED STRICKLAND, et al.,          Magistrate Judge Mark R. Abel

      Defendants.

## OPINION AND ORDER

This matter is before the Court for consideration of Defendants' Motion to Dismiss (Doc. # 10), Plaintiff Daniel Wilson's memorandum in opposition (Doc. # 12), and Defendants' reply memorandum (Doc. # 14). For the reasons that follow, this Court finds the motion well taken.

Wilson asserts claims under 42 U.S.C. § 1983 challenging multiple facets of the lethal injection protocol by which the State of Ohio intends to execute him. Defendants move for dismissal under Federal Rule of Civil Procedure 12(b)(6) on two grounds. First, Defendants argue that *res judicata* bars Wilson's claims in this action. Second, Defendants assert that even if not barred by *res judicata*, Wilson's complaint falls outside the statute of limitations.

Federal Rule of Civil Procedure 12(b)(6) requires an assessment of whether Wilson has set forth a claim upon which this Court may grant relief. Under the United States Supreme Court's most recent articulation of the analytic standard involved in applying this rule, this Court must construe the Complaint in favor of Wilson, accept the factual allegations contained in the Complaint as true, and determine whether Wilson's factual allegations present plausible claims. *See Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007); *Luckey v. Butler County*, No. 1:06cv123, 2007 WL 4561782, at *1 (S.D. Ohio Dec. 21, 2007) (characterizing *Bell Atlantic*

as requiring that a complaint " 'state a claim to relief that is plausible on its face' " (quoting *In re OSB Antitrust Litigation*, No. 06-826, 2007 WL 2253419, at *2 (E.D. Pa. Aug. 3, 2007))). To be considered plausible, a claim must be more than merely conceivable. *Bell Atlantic Corp.*, 127 S. Ct. at 1974; *Assoc. of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007). Thus, the factual allegations of a pleading "must be enough to raise a right to relief above the speculative level . . . ." *Bell Atlantic Corp.*, 127 S. Ct. at 1964-65. *See also Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008).

Relying on the foregoing standard, Defendants posit that Wilson has failed to present claims upon which this Court may grant relief based on the application of *res judicata*. This doctrine would bar re-litigation in this § 1983 action of those claims that Wilson raised or could have raised in another lethal injection case in which he was previously an intervening plaintiff. *See Jackson* v. *Kinkela*, 187 F.3d 636, 1999 WL 623672, at *2 (6th Cir. 1999) (unpublished table decision) ("Under the doctrine of issue preclusion, once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive regarding the same issue presented in subsequent suits based on a different cause of action involving a party to the prior litigation."). This Court need not decide the merits of Defendants' *res judicata* argument, however, because an alternative ground for dismissal proves dispositive of this action. *See Cooey v. Strickland*, 479 F.3d 412, 424 (6th Cir. 2007) (declining to address *res judicata* argument in lethal injection case because statute of limitations argument proved dispositive of complaint).

Defendants argue in the alternative that Wilson has failed to present claims upon which this Court may grant relief based on the Sixth Circuit's statute of limitations analysis in *Cooey v.*

2

*Strickland*, 479 F.3d 412 (6th Cir. 2007). Previously, this Court issued an Opinion and Order in the other lethal injection case in which Wilson was a party that discussed at length the Sixth Circuit's construction in *Cooey* of the statute of limitations for such § 1983 claims. (Doc. # 344 in 2:04-cv-1156.) The Court adopts and incorporates herein the entirety of that decision and attaches it to the instant decision for ease of reference.[1] *See* Doc. # 344 in 2:04-cv-1156.

Drawing on that incorporated rationale, this Court explained in that other case why Wilson's claims were time-barred:

> *Cooey* teaches that § 1983 claims of the sort asserted in this case begin to accrue upon conclusion of direct review in the state courts and when a plaintiff knows or has reason to know about the act providing the basis of his or her injury. [*Cooey v. Strickland*, 479 F.3d 412, 422 (6th Cir. 2007).] Even in light of recent changes to the lethal injection protocol and the United States Supreme Court's issuance of *Baze v. Rees*, 128 S. Ct. 1520 (2008)–the latter of which pre-dated issuance of the *Cooey* mandate–the court of appeals issued *Cooey* as binding authority. This authority reasons that a plaintiff knew or had reason to know about the act providing the basis of his or her injury when Ohio made lethal injection the exclusive method of execution in December 2001. *Cooey*, 479 F.3d at 422. Consequently, review of the briefing and the record indicates that the following dates are relevant to the statute of limitations issue:
>
> > (1) Date of Wilson's conviction and sentence: May 8, 1992.
> >
> > (2) Date the United States Supreme Court denied *certiorari*: October 7, 1996.
> >
> > (3) Date the Sixth Circuit has held inmates like Wilson should have been aware of their § 1983 lethal injection protocol claims: December 2001, at the latest.
>
> In light of the foregoing, this Court concludes that the rationale of *Cooey* applies to Wilson's § 1983 claims. The statute of limitations on these claims therefore expired, at the latest, in December 2003.

---

[1] The incorporated decision disposes of Wilson's continuing violations argument. *See* Doc. # 344, at 13 n.4.

3

(Doc. # 353, at 1-2 in 2:04-cv-1156.)  In this prior litigation, Wilson raised no arguments to save his claims that the Court did not previously consider and reject in the attached and incorporated Opinion and Order.  Thus, because Wilson's assertion of his § 1983 claims was time-barred, the Court granted the motion to dismiss Wilson's claims in an August 25, 2009 Opinion and Order.[2]  (Doc. # 353 in 2:04-cv-1156.)

Wilson now attempts to evade the statute of limitations in the instant case by asserting that the United States Supreme Court "established a cause of action" in *Baze v. Rees*, 128 S. Ct. 1520 (2008), and by relying on evidence allegedly uncovered for the first time during a preliminary injunction hearing in regard to another death row inmate, Kenneth Biros, in case No. 2:04-cv-1156.  (Doc. # 2, at 8.)  Neither argument salvages Wilson's case.

In regard to the first proposition, this Court notes that *Baze* did not *establish* a new claim or constitutional right but simply made clear the expansive *scope* of the claim and right involved. *Cf. Hartman v. Bobby*, No. 09-3299, 2009 WL 899917, at *1 n.1 ("the Supreme Court's decision in *Baze* did not create a new constitutional right that applies retroactively").  Wilson could have asserted (and in fact did assert) a § 1983 claim challenging Ohio's lethal injection protocol well before *Baze*, and the Supreme Court did nothing to create a new form of his claim that would enable him to evade the applicable limitations period.

In regard to Wilson's second proposition, the Court concludes that reliance on the Biros evidence fails to preclude application of the statute of limitations here.  While arguing in his memorandum in opposition that he is not challenging Ohio's written or unwritten protocols,

---

[2] The Court notes that Defendants' motion to dismiss misidentifies the date of Wilson's crime as March 21, 1994, which follows his date of conviction by years.

4

Wilson argues in his motion for a preliminary injunction that "the factual basis for this suit only arose during the Biros hearing." (Doc. # 2, at 5.) That self-serving contention fails to recognize that Wilson's current complaint, like the complaints previously filed by other inmates, ultimately target the same "core complaint"–that the state protocol will lead to unconstitutional infliction of pain–and the statute of limitations tracks such a core complaint even in light of various amendments to the protocol and pre-existing information uncovered or credited for the first time. The Court previously explained in regard to another inmate:

> Reynolds raises a number of arguments in an attempt to evade . . . application of the statute of limitations. He asserts, for example, that "whether the [2006] changes in Ohio's protocol were sufficiently significant to warrant re-starting the statute of limitations cannot be answered on this record." (Doc. # 61, at 4.) This Court might be inclined to agree with such a proposition but for the fact that the court of appeals addressed the 2006 changes in *Cooey* and concluded that "none of these changes relates to Cooey's core complaints." 479 F.3d at 424. It is not the province of this Court to reject that conclusion or examine whether the *Cooey* majority had before it sufficient information to make such a notably sweeping conclusion.
>
> It is, however, proper for this Court to recognize again that the court of appeals issued the mandate in *Cooey* after *Baze* was released, which means that the *Cooey* majority did not regard *Baze* as altering its analysis of the statute-of-limitations issue. The subsequent remand in that similar litigation for Kenneth Biros by the same appellate panel involved in *Cooey* also implicitly teaches that for those individuals who fall within the statute of limitations (even a restarted limitations period), *Baze* matters. But for individuals such as Cooey, *Baze* and the 2006 changes apparently do not disturb the *Cooey* limitations period analysis. And because the 2006 changes did not save Cooey's § 1983 action, they cannot save Reynolds' § 1983 action, no matter what date he assigns to the protocol he is challenging. Because the changes did not matter to the appellate court's analysis, they cannot prove dispositive to this Court even if the Court were hypothetically inclined to reach a far different conclusion if deciding the issue without *Cooey*.

(Doc. # 100, at 3-4 in 2:08-cv-442.) This same analysis applies here.

The Sixth Circuit has agreed that this Court must look to the core of a plaintiff's complaint in deciding whether a previously applied statute of limitations bars a successive lethal

5

injection challenge. Following this Court's dismissal of a second § 1983 action filed by inmate Richard Cooey, the Sixth Circuit affirmed, focusing on the core complaints of the inmate and not new claims that are contingent upon the previously asserted claim of faulty administration. *Cooey v. Strickland*, 544 F.3d 588, 590-91 (6th Cir. 2008). Because "Cooey's [newer] claims simply added to the time-barred precursor claims that failed previously," the court of appeals concluded that "the district court correctly held that each of Cooey's 'new' claims is time barred." *Id.* at 591.

Accordingly, even despite the arguably increased scope of Wilson's latest claims, his action remains ultimately focused on the same form of constitutional violation that he should have brought within the limitations period. Moreover, Wilson could and should have timely asserted his claim, which would have led to discovery of the various aspects of the written and unwritten protocol he now seeks to attack as a means of bootstrapping his lethal injection challenge into a new claim carrying a new statute of limitations. Thus, the Court agrees with Defendant that "Wilson's new complaint [does not] set[] forth any allegations of constitutional error of which he did not have sufficient notice to bring within the limitations period as established by the Sixth Circuit in *Cooey*." (Doc. # 10, at 10.) This Court must therefore dismiss Wilson's complaint.

Having concluded that dismissal of this action is warranted, the Court need not address the merits of Wilson's moot motion for a preliminary injunction. (Doc. # 2.) Assuming *arguendo* that dismissal is not warranted, however, this Court notes that were it to reach the merits of his injunctive relief motion, Wilson has failed to demonstrate a likelihood of his succeeding on his claims so as to warrant a stay of execution. His dependence on the evidence

culled from this Court's preliminary injunction hearing in regard to Kenneth Biros in case No. 2:04-cv-1156 fails to suffice here just as the same evidence proved insufficient for Biros. *See* Doc. # 471 in case No. 2:04-cv-1156 (attached and incorporated herein by reference).

For the foregoing reasons, this Court **GRANTS** Defendants' motion to dismiss (Doc. # 10), **DENIES** as moot Wilson's motion for a preliminary injunction (Doc. # 2), and **DISMISSES** this action. The Clerk shall enter judgment accordingly and terminate this case upon the docket records of the United States District Court for the Southern District of Ohio, Eastern Division, at Columbus.

**IT IS SO ORDERED**.

                                                  /s/ Gregory L. Frost
                                                  GREGORY L. FROST
                                                  UNITED STATES DISTRICT JUDGE